USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 0 2 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GWENDOLYN STEWART

               Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

------------------------------------------------------------X

ORDER

12 Civ. 3121 (AJN)

ALISON J. NATHAN, District Judge:

    Before the Court is Plaintiff Gwendolyn Stewart's Motion for Attorneys' Fees, pursuant to the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d). For the reasons that follow, Plaintiff is awarded attorney's fees in the sum of $12,948.90.

## I.   Background

    Plaintiff commenced this action on April 20, 2012, seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Insurance ("SSI"). In an order dated July 26, 2013, this Court found that the Commissioner had committed legal error by "assign[ing] . . . significant weight to the medical opinion of a non-examining physician" and remanded the matter for a new hearing on Plaintiff's claim for benefits. Dkt. No. 18, at 14-15. The Commissioner filed a motion for reconsideration, Dkt. No. 20, which this Court denied on October 20, 2013, Dkt. No. 24. Plaintiff then timely filed this motion on October 28, 2013, requesting $18,884.62 in fees and costs. *See* Pl. Mem. 5.

1

II.     **Discussion**

     **A. Entitlement to Fees**

The EAJA provides for the award of attorney's fees and costs to a prevailing party in an action against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Commissioner of Social Security*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). When determining whether this burden has been met, a court should review both the underlying agency action and the ensuing civil action to determine whether the position taken by the United States had a "reasonable basis both in law and fact." *Id.* at 81-82 (quoting *Pierce*, 487 U.S. at 563).

The Commissioner argues that its "position that the ALJ properly relied on medical opinions had a reasonable basis in law and fact" because "it is not *per se* error for an ALJ to assign significant weight to the medical opinion of a non-examining physician" and "the applicable regulations permit the ALJ to consider the consistency of an opinion with the record as a whole in determining the weight to be given medical opinions." Gov. Opp. 3 (citing 20 C.F.R. § 416.927(d)(3)). However, it was not the ALJ's decision to adopt the opinion of a non-treating physician itself that ran afoul of the treating physician rule, but rather his failure to properly justify this decision and instead "place[] 'great weight' on the assessments of non-treating physicians" given the "totality of the evidence in the administrative record." Dkt. No. 18, at 14-15; *see also* Dkt. No. 24, at 3 ("The Court concluded that, in light of the evidence in the record, the ALJ's decision to assign significant weight to the non-examining physicians opinion

2

*in this case* constituted legal error and grounds for remand."). There is, moreover, no requirement that the Government commit *per se* error in order for a party that prevails against it to recover attorneys' fees, and adopting such a requirement would have the result of preventing prevailing parties from *ever* recovering attorneys' fees based upon the misapplication of the treating physician rule—which, as the Government and the Court have both acknowledged, is not a *per se* rule. *See* Dkt. No. 24, at 3. For these reasons, the Court concludes that the mere fact that the ALJ did not commit *per se* error by adopting the non-examining physician's opinion is insufficient to meet the Commissioner's burden to prove its position had a "reasonable basis both in law and fact." *Ericksson*, 557 F.3d at 81-82.

Nor is the Commissioner's burden met by the fact that it "cited the specific findings in the record that supported its assertion that the opinions were consistent with the record as a whole, namely the minimal clinical examination findings showing intact sensation and motor examination findings." Gov. Opp. 4. The existence of some record evidence supporting the non-examining physician's opinion cannot provide substantial justification for the ALJ's failure to apply the correct legal standard to the evaluation of that evidence. *See* Dkt. No. 24, at 3 ("[T]he ALJ's decision to assign significant legal weight to the non-examining physician's opinion in *this case* constituted legal error."). Accordingly, the Court finds that the Commissioner has failed to meet its burden of proving substantial justification, and Plaintiff is therefore entitled to recover attorney's fees under the EAJA.

### B. Reasonableness of Amount Requested

When it comes to determining the amount be awarded under the EAJA, a district court has "broad discretion" and "need not . . . scrutinize[] each action taken or the time spent on it." *Aston v. Sec. of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986) (quoting *New York Ass'n*

*for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). The "typical starting point" for the analysis is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which the court should then adjust upwards or downwards to reflect such considerations as the "extent of the plaintiff's success." *Torres v. Barnhart*, No. 02-cv-9209 (AJP), 2007 WL 1810238, at *14 (S.D.N.Y. June 25, 2007) (citing *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007); *Hensley v. Eckerhart*, 461 U.S. 424, 434, 440 (1983)).

Plaintiff requests attorney's fees and costs in the amount of $18,884.32. *See* Pl. Mem. 4. Of this amount, $17,764.64 represent legal fees for lead counsel Caroline Kubitschek's 93.50 hours of work on this case, which she has billed at the United States Attorneys' Office rate of $189.63 per hour of work performed in 2012 and $192.55 per hour of work performed in 2013. *See* Kubitschek Decl. ¶¶ 14, 19. These 93.50 hours include: (1) approximately 39.80 hours spent reviewing the 460-page administrative record and preparing Plaintiff's opening memorandum, (2) approximately 31.50 hours spent preparing Plaintiff's opposition and reply memorandums: (3) approximately 6.80 hours spent preparing Plaintiff's memorandum in opposition to the Commissioner's motion for reconsideration; (4) approximately 3.20 hours spent preparing the memorandum in support of the instant motion for attorney's fees; and (5) approximately 12.20 hours spent on other miscellaneous matters, such as meeting with the client and preparing the complaint. *See* Kubitschek Decl., Ex. 2; Gov. Opp. 8.

The Government argues that the number of hours requested by lead counsel is excessive and "submits that fair compensation for Plaintiff's counsel's work in this case would be approximately $8,200, which would include forty hours of counsel's briefing on the merits." Gov. Br. 9. According to the Government, this significant reduction is appropriate because "District Courts in this Circuit have generally found that no more than 40 hours spent briefing

4

<u>and</u> arguing a routine Social Security disability case constitutes the benchmark for reasonable time expended," and "[t]his case involved routine legal and factual issues." Gov. Opp. 6-7 (underlining in original).

While it is true that "[d]istrict courts in the Second Circuit have held that routine social security benefits cases generally require from twenty to forty hours of attorney time," they have also "not hesitated . . . to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant[] such an award." *Hiciano v. Apfel*, No. 98-cv-4037 (DLC), 2002 WL 1148413, at *2 (S.D.N.Y. May 29, 2002) (citations omitted). Factors that may justify a larger award include the factual, substantive, and procedural complexity of the case, *see Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220-21 (W.D.N.Y. 2006) (approving approximately 90 hours of work, due to the case's "complicated procedural history, and the substantive issues involved"); the size of the administrative record, *see id.* at 220. (citing "size of the administrative transcript (over 1,100 pages)" as a justification for a larger award); and the efficacy of the attorney's efforts, *see Borus v. Astrue*, No. 09-cv-4723 (PAC), 2012 WL 4479006, at *4 (S.D.N.Y. Sept. 28, 2012).

The Court agrees that the hours requested by Plaintiff are somewhat excessive, as this case presented no particularly complex legal issues, *see Moses v. Shalala*, No. 91-cv-6980 (MBM), 1994 WL 75516, at *1 (S.D.N.Y. March 7, 1994) (characterizing application of treating physician rule as a "simple and straightforward" legal issue), and did not involve a particularly large administrative record, *cf. Colegrove*, 435 F. Supp. 2d at 220 (permitting larger award in light of 1,100-page administrative record). Nor did the Court hold oral argument. However, the Court is mindful of the increase in hours that may have been necessitated by the Government's decision to move for reconsideration, as well as counsel's need to review the case after being

brought in on the district court level. *See* Pl. Mem. 3-4. Under these circumstances, the Court finds that the total of 71.3 hours spent briefing the case on the merits should be reduced to 40 hours, but otherwise concludes that the requested fee is reasonable. Accordingly, Plaintiff is entitled to recover $12,948.90, representing $11,829.22 for 62.2 hours of work by lead counsel Ms. Kubitschek, $650 for work performed by legal assistance, $55 for messengers, and $414.68 in costs.

### III.   Conclusion

For the reasons stated, the Court awards Plaintiff $12,948.90 for attorney's fees. This resolves Docket Number 25, and the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: July __2__, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge